UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:08-CR-102 |
| | ) | |
| JESUS HUERTA, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**
**REGARDING CIGARROA'S MOTION TO SUPPRESS (DOC. 423).**

On July 3, 2008, the magistrate judge of this court issued twelve warrants to search various residences in upper East Tennessee - one in Bristol, one in Jonesborough, and ten in Johnson City. One of those warrants was for the residence of Hector Cigarroa and Raul Huerta at 1004 Henry Street in Johnson City.

All twelve warrants were supported by a single affidavit of Special Agent Michael Templeton of the Drug Enforcement Administration.

The return of the warrant that was issued for 1004 Henry Street indicates that a "drug ledger" was found. The defendant Cigarroa has filed a motion to suppress that evidence, arguing that the affidavit did not demonstrate probable cause to search that residence. (Doc. 423). The motion was argued on October 14, 2009.

An affidavit filed in support of an application for a search warrant must set forth facts that establish probable cause to believe that evidence of criminal activity will be found at the

place to be searched; this is the so-called nexus requirement. *See, e.g., United States v. Savoca*, 761 F.2d 292 (6th Cir.) *cert*. denied, 474 U.S. 852 (1985). When a defendant alleges that the facts contained in an affidavit fail to state probable cause for the search, it is axiomatic that the court is limited to a review of the facts contained in the affidavit. *See, United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). In other words, facts extraneous to the affidavit may not be considered. The issuing magistrate judge is to determine the question of probable cause *vel non* on the basis of the "totality of the circumstances," *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The primary question for this court is to decide if the totality of the circumstances - i.e., all the facts recited in Agent Templeton's affidavit - stated probable cause to search 1004 Henry Street in Johnson City, Tennessee. Although this magistrate judge obviously believed on July 3, 2008 that it did state probable cause, it is unfortunately apparent months later that it did not.

To bespeak the obvious, the affidavit must recite probable cause to search 1004 Henry Street. The affidavit contains two separate factual lines in that regard, one of which is the defendant Cigarroa himself, and the other of which concerns a 1990 *maroon* Chevrolet Caprice automobile owned by Raul Huerta.[1]

---

[1] Not to be confused with a *gold* Chevrolet Caprice, which will be mentioned again hereafter.

The defendant Cigarroa and Raul Huerta resided at 1004 Henry Street.[2] Numerous other paragraphs in the affidavit establish that Jesus Huerta was deeply involved in marijuana trafficking.[3] The affidavit also recites facts that support the conclusion that Richard Wards also was a drug trafficker.[4]

Paragraph twenty of the affidavit is the only reference in that affidavit to the defendant Cigarroa himself. It recites that on February 10, 2008, a Johnson City police officer conducted a traffic stop of a *gold* Chevrolet Caprice registered to an unnamed person who resided at an apartment on Huffine Road in Johnson City. This gold Caprice vehicle was driven by Richard Wards. Jesus Huerta was the front seat passenger, and the defendant Cigarroa was a passenger in the back seat. Again, by way of repetition, the affidavit reasonably establishes that both Wards and Jesus Huerta were drug traffickers.

The 1990 *maroon* Chevrolet Caprice vehicle, as noted previously, was registered to Raul Huerta, who resided with the defendant Cigarroa at 1004 Henry Street. On May 4, 2008, a Washington County deputy sheriff conducted a traffic stop of this vehicle, at which time it was being driven by Jonathan Shell. Jesus Huerta was a passenger. Like Jesus Huerta, the affidavit establishes that Mr. Shell trafficked in marijuana.[5] The deputy noted

---

[2] *See*, Affidavit, preamble. Raul Huerta is some kindred of Huerta, although that fact does not appear in the affidavit.

[3] *See*, ¶¶ 6, 12, 13, 21, 25, 28, 41, Affidavit.

[4] *See*, ¶¶ 5, 8, 9, 15, 32, Affidavit.

[5] *See*, ¶¶ 7, 11, 21, 25, 35, 36, Affidavit.

3

that the headliner in the car was loose and that it was held in place by air fresheners, which indicated to Agent Templeton (based on his experience and training) that the car had been used in the past to transport illegal drugs. A subsequent search of the vehicle did not reveal any illegal drugs, although the positive alert of a drug-detection dog indicated that the vehicle had been used to transport drugs in the past.[6]

On May 27, 2008, law enforcement officers searched the premises at 750 Georgia Street, in Johnson City. In a buried cache in the yard, the searching agents discovered evidence of marijuana packaging and weapons. Parked in proximity to the place where this evidence was unearthed was the 1990 maroon Chevrolet Caprice owned by Raul Huerta. It bears noting that the affidavit does not recite that Raul Huerta was present, or that he drove the vehicle to the place where it was parked. The agents searched the vehicle, and discovered therein an otherwise innocuous document belonging to Jose Colunga, and photographs related to Jesus Huerta. Other paragraphs in the affidavit establish that Jose Colunga also was a marijuana trafficker.[7]

As far as probable cause to search 1004 Henry Street is concerned, it must be established by the totality of the circumstances relating to (1) Mr. Cigarroa himself, and (2) the 1990 maroon Chevrolet Caprice vehicle owned by Mr. Cigarroa's roommate, Raul Huerta.

---

[6]*See*, ¶ 23, Affidavit.

[7]*See*, ¶¶ 22, 25, 29, 41.

4

Again, the only reference in the affidavit to Mr. Cigarroa himself is paragraph 20 which recites that he was in the company of two drug traffickers on February 10, 2008, when the car in which he was riding was stopped by the Johnson City Police. No drugs were discovered at that time, either in the car or on the persons of the three occupants. Paragraph 20 of the affidavit merely establishes that Mr. Cigarroa was in the same car with two drug traffickers. That fact, standing alone, falls far short of establishing probable cause to believe that Mr. Cigarroa himself was a drug dealer, which in turn fails to establish that there would be evidence of drug trafficking at his residence, 1004 Henry Street. However, as discussed previously, this court is not to take a "divide-and-conquer" approach, but must consider this snippet of information with all other circumstances in the affidavit to determine if the totality of those circumstances establishes probable cause to believe that 1004 Henry Street contained evidence of drug trafficking. *United States v. Arvizu*, 534 U.S. 266 (2002).

The only other factor related to 1004 Henry Street is the 1990 maroon Chevrolet Caprice automobile. That vehicle was registered to Raul Huerta. That vehicle had been used to transport drugs in the past, and it was used or occupied on occasion by known drug traffickers. Notably, the affidavit does not describe any fact or circumstance to indicate that Raul Huerta himself was involved in drug trafficking, either directly or circumstantially, apart from his ownership of the car and the surname he shared with Jesus Huerta.

And thus the question: was Mr. Cigarroa's presence with Wards and Jesus Huerta on February 10, 2008, coupled with Raul Huerta's ownership of a car that had been used to

transport drugs at some time, and used by known drug dealers, sufficient to establish probable cause to believe that evidence of drug trafficking would be found at 1004 Henry Street? The answer is, No. Cigarroa's presence with Wards and Huerta on February 10, 2008, did not reasonably suggest that he too was involved in drug trafficking, so there was no probable cause to search 1004 Henry Street on the basis that Mr. Cigarroa lived there. The fact that his roommate, Raul Huerta, *may* have allowed his vehicle to be used by drug dealers, without any information to indicate that Raul himself trafficked in drugs, did not provide probable cause to believe that Raul was a drug dealer, from which it follows that there was no probable cause to search 1004 Henry Street. Significantly, nothing in the affidavit reflects that Raul himself ever drove this vehicle. For all that is known, he could have sold the vehicle to Jesus Huerta , or Jose Colunga, or Richard Wards, and the buyer simply never re-titled it. Even when the two sets or circumstances are melded together - Cigarroa's presence on one occasion with two drug traffickers and the perambulations of the Chevrolet Caprice - there was still no probable cause to search 1004 Henry Street.

Lastly, the United States argues that even if the affidavit failed to establish probable cause to search 1004 Henry Street, the *Leon* good-faith exception to the Exclusionary Rule should save the search.[8]

Under *Leon*'s good faith exception, a court should exclude evidence obtained as a result of a warrant that lacked probable cause "only if the officers were dishonest or reckless

---

[8] *United States v. Leon,* 468 U.S. 894 (19840.

in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."[9] The Sixth Circuit has held that there are four situations in which an officer's reliance on a search warrant would not be reasonable, as a result of which the *Leon* good faith exception would not apply: (1) the affidavit contained information which the affiant knew (or should have known) was false; (2) the issuing judge was not neutral and detached; (3) the affidavit contained no information that supported a probable cause determination, making any belief that probable cause exists completely unreasonable; or (4) the warrant itself was facially deficient.[10] There is no allegation, much less proof, that Agent Templeton placed any information in his affidavit that he knew to be false. Neither is there any allegation that the issuing magistrate judge was less than neutral and detached and, for whatever it is worth, the undersigned magistrate judge reaffirms that he was. Nor is there any allegation that the warrant was facially deficient in some way. Thus, the only remaining consideration is whether the affidavit was so devoid of facts constituting probable cause that Agent Templeton's belief that probable cause existed was unreasonable.

In *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006), the court stated that it had "previously found *Leon* applicable in cases where we determine that the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good faith belief in the warrant's validity, even if the

---

[9]*Leon*, 468 U.S. at 926.

[10]*United States v. Czuprynski,* 46 F.3d 560, 563 (6th Cir. 1995).

7

information provided was not enough to establish probable cause."[11]  In *McPhearson*, a warrant was issued to search 228 Shelby Street for evidence of drug trafficking.  The court pointed out that the only connection in the affidavit between 228 Shelby Street and drug trafficking was that the defendant had been arrested at that address and that he had crack cocaine in his pocket at that time.  The court went on to hold that that connection did not establish the minimal nexus that would justify the application of the *Leon* exception.[12]  In explaining why the good faith exception was applied in three other cases, the court noted that in each of those cases the defendants "were known to have participated previously in the type of criminal activity that the police were investigating."[13]  There is nothing in Agent Templeton's affidavit to suggest that the defendant Cigarroa was a known drug trafficker, or that he had a criminal history of any kind.  Nor is there any recitation in Agent Templeton's affidavit that Raul Huerta had a history of drug trafficking.  The only connection of Raul Huerta to any criminal activity was the name he shared with Jesus Huerta, and the use of a car titled in his name by known drug dealers to transport drugs.  In the opinion of this magistrate judge, *Leon* could not apply under these circumstances.

Accordingly, it is respectfully recommended that defendant Cigarroa's motion to

---

[11]469 F.3d at 526, quoting *United States v. Carpenter*, 360 F.3d 591 (6th Cir. 2004).

[12]*McPhearson*, 469 F.3d at 526.

[13] *Id*.

Case 2:08-cr-00102-JRG-MCLC   Document 642   Filed 10/30/09   Page 8 of 9   PageID #: 2425

suppress (Doc. 423) be granted.[14]

       Respectfully submitted,

                                                       s/ Dennis H. Inman
                                                  United States Magistrate Judge

---

[14] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

9